# Meringolo & Associates, P.C.
375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringoloesq.com

April 28, 2011

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *United States v. Eisenberg et al.*, 10-Cr.-600 (DLI)

Dear Judge Irizarry:

      Seymour Eisenberg respectfully submits this letter motion requesting to join in the motions of his co-defendants insofar as is reasonable and to sever his trial based on the "serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about [his] guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933 (1993). As set forth below, Eisenberg's comparatively minor role in the charged scheme makes severance proper based on the danger that a joint trial would cause him substantial prejudice. In addition, severance is proper because of the likelihood that Eisenberg's defense will be antagonistic to his co-defendants, especially to that of defendant Steven Moskowitz. *See United States v. Cardascia*, 951 F.2d 474, 484 (2d Cir. 1991) (If "the defenses . . . conflict to the point of being so irreconcilable as to be mutually exclusive . . . we will find such prejudice as denies defendants a fair trial").

## Statement of Facts

      Seymour Eisenberg is charged in a multi-defendant, multi-count indictment with conspiracy to commit securities fraud (15 U.S.C. §§ 78j(b) and 78ff), securities fraud (15 U.S.C. §§ 78j(b) and 78ff; 18 U.S.C. §§ 2 and 3551 et seq.), and conspiracy to commit money laundering (18 U.S.C. §§ 1956(h) and 3551 et seq.). Eisenberg is not charged with the conspiracy to commit obstruction of justice, obstruction of justice, structuring, contempt of court, or perjury counts.

      Eisenberg is alleged to have been the president of Asset Management Enterprises, Inc. and a "domestic sales" employee at Spongetech. *See* Superseding Indictment at 3-4. Generally, Eisenberg is charged along with several of his co-defendants (including Moskowitz) with having participated in the fraudulent stock scheme by (a) issuing large amounts of restricted Spongetech common stock to Asset Management; (b) causing fraudulent legal opinion letters to be furnished in order to unrestrict the stock; and (c) selling the unrestricted common stock. *See* Superseding Indictment at 5-7.

Specifically, Eisenberg and Moskowitz are alleged to have signed a fraudulent loan agreement "that falsely indicated that a loan had been made on February 16, 2008, from Asset Management to Spongetech" and Eisenberg is alleged to have signed a letter to an attorney requesting a legal opinion letter based on that fraudulent loan agreement on or about July 27, 2009. *See* Superseding Indictment at 10-11. All other allegations against Eisenberg are vague and nonspecific.

On information and belief, Eisenberg's defense against these allegations will be directly antagonistic to the defense of his co-defendant, Steven Moskowitz. As a low-level employee at Spongetech and an individual who depended on Moskowitz's assistance to survive, Eisenberg asserts that any actions he took were unknowing and done at Moskowitz's insistence. Therefore, in order to acquit Eisenberg, it would be necessary for a jury to find Moskowitz guilty and to believe that Moskowitz, not Eisenberg, was solely responsible for the crimes with which Eisenberg is charged.

## Argument

"The decision to sever multi-defendant trials is committed to the sound discretion of the trial judge." *United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991). Such discretion is "virtually unreviewable." *United States v. Lasanta,* 978 F.2d 1300, 1306 (2d Cir. 1992).

"If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). Severance is proper "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. In *Zafiro*, the Supreme Court explained that:

> Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

*Zafiro*, 506 U.S. at 539.

Severance should also be granted to avoid prejudice, even in the face of countervailing concerns of judicial economy:

> We do not accept the proposition that because of the convenience of the government, the conservation of judicial energy and expense of multiple trials, the discretion of the United States Attorney in indicating numerous defendants . . . should be unfettered. There can be no litmus paper test depending upon the number of defendants and the expected length of trial. Rather the inquiry must be

2

> whether the defendants in the case . . . [will be] afforded a fair trial.

*United States v. Moten*, 564 F.2d 620, 627 (2d Cir. 1977).

Although "[t]he trial court has almost unlimited discretion under Rule 14 to determine whether sufficient prejudice exists," *United States v. Gallo*, 668 F. Supp. 736, 748 (E.D.N.Y. 1987),

> The ultimate question is whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?

*Gallo*, 668 F. Supp. at 749.

In the exercise of this discretion, District Courts within the Second Circuit have granted severance where, as here, the danger from spillover prejudice to a defendant from evidence otherwise inadmissible against him impairs his right to a fair trial. *See United States v. Bellomo*, 954 F. Supp. 630, 650-651 (S.D.N.Y. 1997); *United States v. Maisonet*, 1998 WL355414 at *2, 4- 6 (S.D.N.Y. July 1,1998).

Substantial prejudice may also arise when co-defendants intend to offer antagonistic defenses in which "the jury, in order to believe the core of testimony offered on behalf of one defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant." *United States v. Potamitis*, 739 F.2d 784, 790 (2d Cir. 1984) (internal citation omitted). "[A]ntagonistic defenses may conflict to such a degree that codefendants are denied a fair trial." *Cardascia*, 951 F.2d at 484 (internal citation omitted).  If

> the defenses . . . conflict to the point of being so irreconcilable as to be mutually exclusive . . . we will find such prejudice as denies defendants a fair trial. Defenses are mutually exclusive or irreconcilable if, in order to accept the defense of one defendant, the jury must of necessity convict a second defendant . . . Similarly, severance should be granted when antagonism at the *essence* of the defenses prevails to such a degree-even without being mutually exclusive-that the jury unjustifiably infers that the conflict alone indicated that both defendants were guilty.

*Cardascia*, 951 F.2d at 484 (internal citations and alterations omitted) (emphasis in original).

In the instant matter, severance of Eisenberg is necessary because a joint trial with his co-defendants, especially co-defendant Moskowitz would cause Eisenberg substantial prejudice and because Eisenberg intends to offer a defense that is directly antagonistic to that of Moskowitz.

First, Eisenberg is charged as a minor figure in the conspiracy, and specifically alleged to

3

have committed only two overt acts in furtherance of a single count charged. He is not charged with the conspiracy to commit obstruction of justice, obstruction of justice, structuring, contempt of court, or perjury counts. However, it can reasonably be anticipated that many days, if not weeks, of the trial will be consumed with evidence of Eisenberg's co-defendants' lies to the Securities and Exchange Commission and other related perjurous acts. Thus, there is a heightened risk that Eisenberg will be convicted based solely on the wrongdoing of his co-defendants and the prejudicial spillover effect of this evidence.

Second, Eisenberg has taken the position that, as a low-level employee at Spongetech and an individual who depended on Moskowitz's assistance to survive, any actions he took were unknowing and done at Moskowitz's insistence. In order to acquit Eisenberg, it would be necessary for a jury to find Moskowitz guilty and to believe that Moskowitz, not Eisenberg, was solely responsible for the crimes with which Eisenberg is charged. In addition, it is not unreasonable to surmise that Moskowitz may intend to offer as a defense that he was unaware of the actions of his subordinates (including Eisenberg). Thus, the two defenses may well be "so irreconcilable as to be mutually exclusive" because "in order to accept the defense of one defendant, the jury must of necessity convict a second defendant." *Cardascia*, 951 F.2d at 484.

## Conclusion

Therefore, for the reasons set forth above, Seymour Eisenberg respectfully requests that the Court order him severed from his co-defendants and tried separately in the instant matter.

Respectfully submitted,

_____/s/_____
John C. Meringolo

Meringolo & Associates, P.C.
375 Greenwich Street, 7th Floor
New York, NY 10013
(212) 941-2077
john@meringoloesq.com

Cc: all counsel (via ECF)