# UNITED STATES DISTRICT COURT
## Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> SEYMOUR JIMMY EISENBERG | ) ) ) ) ) ) ) ) ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 10-CR-600

USM Number: 78553-053

John C. Meringolo, Esq.
Defendant's Attorney

**FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 11 2014 ★
BROOKLYN OFFICE**

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1, 3, and 5 of superseding indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| see page 2 | | | |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/3/2014
Date of Imposition of Judgment

S/ Dora L. Irizarry
Signature of Judge

Dora L. Irizarry           U.S. District Judge
Name of Judge              Title of Judge

April 7, 2014
Date

DEFENDANT: SEYMOUR JIMMY EISENBERG
CASE NUMBER: 10-CR-600

Judgment—Page 2 of 6

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit securities fraud | 5/31/2010 | 1s |
| 15 U.S.C. §§ 78j(b) and 78ff | Securities fraud | 5/31/2010 | 3s |
| 18 U.S.C. § 1956(h) | Conspiracy to commit money laundering | 5/31/2010 | 5s |

DEFENDANT: SEYMOUR JIMMY EISENBERG
CASE NUMBER: 10-CR-600

Judgment—Page 3 of 6

# PROBATION

The defendant is hereby sentenced to probation for a term of:

Counts 1, 3, 5: FIVE (5) years on each count to run concurrently.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the cou and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or person; history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SEYMOUR JIMMY EISENBERG
CASE NUMBER: 10-CR-600

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall maintain lawful and verifiable employment;

2. The defendant shall make full financial disclosure to the U.S. Probation Department;

3. The defendant shall comply with the restitution order;

4. The defendant shall not possess a firearm, ammunition, or destructive device;

5. The defendant shall participate in a mental health treatment program, including gambling treatment, approved by the U.S. Probation Department. The defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third-party payment.

DEFENDANT: SEYMOUR JIMMY EISENBERG
CASE NUMBER: 10-CR-600

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 0.00 | $ 3,082,056.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| see attachment | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SEYMOUR JIMMY EISENBERG
CASE NUMBER: 10-CR-600

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 300.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance   ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    Restitution shall be paid to the Clerk of Court for the Eastern District of New York at the rate of 10% gross income per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Codefendants Steven Moskowitz and Andrew Tepfer (10-CR-600).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

SEYMOUR EISENBERG,

           Defendant.

- - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ APR 11 2014 ★
BROOKLYN OFFICE

RESTITUTION ORDER

10 CR 600 (S-1)(DLI)

As part of the sentence imposed in the above-captioned case on defendant SEYMOUR EISENBERG it is hereby ORDERED, as follows:

1. The defendant shall pay restitution to the victims of the offense of conviction, see 18 U.S.C. §§3663, 3663A(a)(2), in the amount of $3,082.056.00.

2. This restitution order is a lien in favor of the United States on all property and rights to property of the defendant, as provided in 18U.S.C. § 3613(c). The liability to pay the restitution shall terminate as provided by 18 U.S.C. § 3613(b). See also 18 U.S.C. § 3613(f).

3. The names of the victims to whom restitution is owed and the losses sustained by each victim are as follows:

| Victim | Loss Amount |
| --- | --- |
| Cory Blanchard | $4,039.00 |
| Sukhvinder Bola | $8,175.00 |
| Jim Bolles | $36,816.00 |
| Russel (Rusty) Ellis | $12,803.00 |
| Edward Falkowski & Gail Neal | $100,439.00 |
| George B. Ingram | $23,230.00 |
| Brenda Ingram | $18,451.00 |
| Open Spaces LLC | $2,784.00 |

| | |
|---|---|
| Eric J. Johannsen | $3,716.00 |
| Aubrey Lobo | $4,760.00 |
| Douglass Netten | $31,479.00 |
| Victor Nodtvedt | $120,898.00 |
| Larry Roundtree | $13,878.00 |
| Conrad Trautman | $5,021.00 |
| Jorge Ubalde | $8,260.00 |
| John Arancio | $17,723.00 |
| | $1,113.00 |
| Laura Arancio | $1,507.00 |
| Christina Arancio | $1,008.00 |
| John LaDuca | $682.00 |
| Allan Danley | $52,096.00 |
| Norman L. Bills | $7,990.00 |
| Max " Motti" Wein | $9,286.00 |
| Steven J. Prins | $39,095.00 |
| | $22,425.00 |
| Kim Colebank | $109,449.00 |
| Andrea Spurr | $2,050.00 |
| Jerry Coggin | $1,278.00 |
| Larry A. Vick | $577.00 |
| | $1,614.00 |
| | $ 366.00 |
| Kevin W. Ring | $23,445.00 |
| | $13,370.00 |
| Daniel J. Laufer | $17,870.00 |
| | $16,336.00 |
| Tyler Vick | $567.00 |
| Joe M. Sowder | $218,407.00 |
| | $857,716.00 |
| Alice Sowder | $6,070.00 |
| April Ann Laduca | $9,639.00 |
| Calvin Gray | $250.00 |
| Janet Bredernitz | $81,315.00 |
| Elizabeth V. Baumgaertner | $43.00 |
| Douglass Seymour | $34,492.00 |
| | $25,468.00 |
| Robert W. Long | $8,017.00 |
| Jason Mehl | $ 3,290.00 |

2

| | |
|---|---|
| Richard Hamilton | $109,218.00 |
| David A. Piecuch | $74,239.00 |
| | $115.00 |
| Phyllis Saccoccio | $2,987.00 |
| Jeffrey Elkins | $14,917.00 |
| Donald Elkins | $3,470.00 |
| Jaymes Elkins | $4,845.00 |
| Diane S. Elkins | $70,811.00 |
| Phillip Justich | $2,453.00 |
| Virginia Washington | $5,051.00 |
| William C. D'alessandro | $50,399.00 |
| David Mansfield | $18,930.00 |
| Frank Rodriguez | $2,485.00 |
| | $15,400.00 |
| Jeffrey Hughes | $2,868.00 |
| James F. Davis II | $417,778.00 |
| | $39,000.00 |
| Robert S. Freeman | $98,502.00 |
| Brian Bradley | $19,754.00 |
| | $15,143.00 |
| Victor J. Allgeier | $29,584.00 |
| | $7,638.00 |
| Victor J. Allgeier for TTC Group | $250.00 |
| | $2,025.00 |
| Bill Alevrides | $35,246.00 |
| | $48,989.00 |
| Marissa Evanson | $1,463.00 |
| Gerard Banales | $8,203.00 |
| Mary Guiguis | $990.00 |
| **TOTALS** | **$3,082,056.00** |

The addresses of each of these victims are on file with the United States Probation Department.

4. To the extent that the restitution remains unpaid:

    a. While under the supervision of the United States Probation Office, the defendant shall

3

        pay at least 10% of his net monthly income.

The amounts set forth in subparagraphs a. above is subject to subsequent revision by the Court as provided by 18 U.S.C. § 3664(k).

5. The defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. See 18 U.S.C. § 3664(k). In addition, as a condition of probation, the defendant shall make complete and periodic financial disclosure as directed by the Court in consultation with United States Probation Department.

6. If the defendant knowingly fails to pay the restitution required by this Order or by law he will be subject to one or more of the actions permitted by 18 U.S.C. §§ 3613A (Effect of Default) including re-sentencing pursuant to 18 U.S.C. § 3614. See also 18 U.S.C. § 3615 (Criminal Default).

7. Payment of the restitution shall be made to the Clerk of the Court for the Eastern District of New York. Any restitution funds paid by the defendant pursuant to this Order shall be distributed by the Clerk of the Court to each victim identified above, following a pro rata distribution.

8. This Order is entered after the Court has fully considered the factors set forth in 18 U.S.C. §§ 3663 and 3664 that are applicable to this defendant

      9.    This Order is part of the sentence and shall be included in the judgment.

Dated:    Brooklyn, New York
           April _10_, 2014

                                                    S/ Dora L. Irizarry

                                      HONORABLE DORA L. IRIZARRY
                                      UNITED STATES DISTRICT JUDGE
                                      EASTERN DISTRICT OF NEW YORK